P. H. McCARTY and MARY R. McCARTY, Appellants, v.
H. G. EGGERT.

**Counties:** COMPENSATION OF OFFICERS: ADDITIONAL HELP: STATUTES.
1  The supervisors may make an allowance for temporary assistance required by the county auditor, in a county where no deputy has been appointed, under the provisions of Code, section 481, notwithstanding that Section 479 of the Supp. provides that in such county the auditor shall receive a stated compensation for all services, as the two sections must be construed together.

**Same:** POWER OF SUPERVISORS.   The board of supervisors has power
2  under the statutes to settle with the county auditor and allow him the amount paid for temporary assistance in his office, on a showing that the service was necessary and had been rendered, although bills therefor were not filed from time to time as contemplated by the statute; providing the total sum thus allowed does not exceed the amount previously authorized by resolution, where an annual allowance had been prevously fixed.

**Same.** While the action of the auditor in this case in drawing from the county an amount to cover his expense for assistance, in addition to the full amount of his own salary, instead of presenting bills for his assistance to the supervisors from time to time for allowance, was irregular, still when demand was made that he account for the amount expended for assistance it was competent for the board to make a settlement with him and allow the amount which it might rightfully have allowed had bills therefor been properly presented.

*Appeal from Lyon District Court.*—Hon. F. R. Gaynor, Judge.

WEDNESDAY, FEBRUARY 7, 1912.

PLAINTIFFS are resident taxpayers of the county of Lyon, and as such, they made demand upon the board of supervisors of the county to bring action against the defendant to recover from him money which he had drawn from the county treasury for his services as auditor, in excess of the amount of compensation allowed by statute. The board of supervisors refused to bring such action, and plaintiffs ask judgment against defendant in favor of the county and for its use and benefit for the amount of money alleged to have been drawn by the defendant from the county treasury without authority of law. The case was tried to the court without a jury, and judgment was rendered for the defendant, from which plaintiffs appeal.— *Affirmed.*

*W. D. Boies,* for appellants.

*E. C. Roach and Simon Fisher,* for appellee.

McCLAIN, C. J.—The case was presented to the lower court on evidence consisting largely of a stipulation as to the facts, from which it appeared that the defendant was the duly elected and acting auditor of Lyon county during

the years 1905 to 1910, inclusive; that when he entered upon the discharge of his duties in 1905 for a period of two years, the board of supervisors passed a resolution fixing his salary for the ensuing term at $1,400 per year; that at the beginning of defendant's biennial term in January, 1907, the board fixed the salary of the county auditor at $1,400 per year with "clerk hire for auditor, $400 per year;" that a similar resolution was passed at the beginning of defendant's biennial term in January, 1909; that during the entire period covered by this action, defendant drew from the county treasury, by warrant, by way of compensation for his services as auditor, money to the amount of $1,800 for each year; and that for each year the defendant paid out for assistance in his office various sums, in some years in excess of $400, in other years less than $400, but in the aggregate for the entire period, a sum exceeding $400 per year. It also appears that at the June session of the board for 1910, the plaintiffs petitioned the board to institute proceedings against the defendant to recover moneys illegally received by him during his several terms of office, and that the board refused to take action, but at the September session of the same year, the board received from defendant a full statement with vouchers, as to the money paid out by him for assistance, and thereupon passed two resolutions, one relating to the period commencing January 1, 1906, and ending August 31, 1907, the other to the period commencing September 1, 1907, and ending September 1, 1910, in each of which it was recited that, in pursuance of resolutions of the board, the defendant had drawn from the county treasury, in addition to his salary at the rate of $1,400 per annum, the further amount of $400 per annum for assistance in his office, and had paid out during such periods for necessary assistance, sums in the aggregate exceeding $400 per annum, and declaring that the amounts thus paid out should be allowed and the payment thereof ratified and approved to an amount not

exceeding in the total $400 per annum. Oral testimony was received in behalf of defendant over plaintiffs' objection that the amounts paid by defendant for assistance were, reasonable and that the assistance thus paid for was necessary in the proper conduct of the business of the office.

I.   The first contention for appellants is that the sole provision in the statute authorizing the allowance of compensation to defendant by way of salary or for assistance in his office is that found in Code Supple-

1. Counties:
compensation
of officers:
additional
help: statutes.

ment 1907, section 479, in which it is provided as follows: "County auditors shall receive as full annual compensation for all services the following: In counties having a population of less than ten thousand, twelve hundred dollars per annum; in counties having a population of ten thousand and not exceeding twenty-five thousand, the sum of fourteen hundred dollars per annum; in counties having a population of more than twenty-five thousand, the board of supervisors may allow such additional compensation to the auditor, deputy or clerks as they (it) may deem reasonable." As Lyon county had, during the entire period of the defendant's service, a population of more than 10,000, and not exceeding 25,000, it is claimed the board had no authority to allow him more than $1,400 per annum either for compensation or for assistance. For the defendant it is contended that by Code, section 481, the defendant had authority to appoint in writing, with the consent of the board, one or more deputies, each deputy to. receive a salary of not exceeding $900 a year to be fixed by the board, and that "in case no deputy shall be appointed, but on account of the pressure of business in his office, the auditor is compelled temporarily to employ an assistant, he shall file the bill for such service at their next regular meeting, and the board of supervisors shall make a reasonable allowance therefor." The position taken by appellants that Code Supplement, section 479, excludes from consideration in

this case the provisions of Code, section 481, is not sound. Code Supplement, section 479, is simply a reenactment of the Code section of the same number so modified as to exclude all reference to fees and increase the compensation which may be allowed in counties having a population of 10,000 and not exceeding 25,000 from $1,200 to $1,400 per annum. As they were originally embodied in the Code of 1897, these two sections must be construed together, and the provisions of section 479 do not prevent the allowance under section 481 of compensation for necessary assistance in the auditor's office to be paid for from the county treasury in addition to the compensation of the auditor.

II. The provision of Code, section 481, is, however, that the allowance for assistance shall be made on bills filed for such services at the next regular meeting of the board. No such bills were filed by defendant; but in pursuance of resolutions of the board in 1907, and again in 1909, the defendant drew out of the treasury $400 each year which was expended by him for assistance. The provision that the bills for such services shall be presented to the board from time to time and allowed by it seems to be directory only. Such methods, of course, should be pursued, and the board might properly refuse to allow compensation for assistance otherwise than on bills thus presented. But we reach the conclusion that it was competent for the board and not beyond its authority to make a final settlement with the defendant on a showing that assistance in the office had been necessary and had been rendered and paid for in reasonable amounts, and to make allowance to the defendant for amounts thus paid out by him not exceeding the amount previously authorized. This disposes of any claim against the defendant for the total amount of $400 per annum from September 1, 1907, to the time of the final settlement between the defendant and the board in September, 1910.

From the record we are unable to discover that any

2. Same: power of supervisors.

previous resolution of the board authorized the expenditure of $400 per annum by the defendant from January 1, 1905, to January 1, 1907. But as the board had authority to allow for assistance in the defendant's office during that period and by its resolution in September, 1910, relating to that period, it specifically found that assistance was necessary, and that more·than $400 per annum during that period had been actually and reasonably expended by defendant in procuring such assistance, we think that it was competent for the board to settle with the defendant any claim of the county against him for money drawn in such period, in excess of the salary authorized, by making an allowance, as it did, to that extent. This conclusion obviates the necessity of determining whether any claim of the county for money drawn during that period in excess of the amount of defendant's salary was barred by the statute of limitations. Code, section 3447, par. 5.

III. On the whole case our conclusion is that, although the action of the defendant in drawing from the county treasury $1,800 per annum to cover his salary and expenses of securing necessary assistance, instead of drawing $1,400 per annum as salary and presenting claims for compensation of assistants which the board might, from time to time, have allowed to any extent found by them to be reasonable and necessary, was irregular, yet, when demand was made upon the board to bring action in the name of the county against the defendant to recover back the amount received by him in excess of $1,400 per annum, it was competent for the board to make a settlement in which they should allow to defendant the amount which they might have properly allowed from time to time for assistance had the bills for such services been properly presented, and under the evidence, we find that the assistance employed was necessary, and the compensation paid to the extent to which it was allowed by the board was reasonable. It further appears that the defend-

3. Same.

ant acted throughout in good faith and under an arrangement with the members of the board from January 1, 1905, to January 1, 1907, not expressed in writing, but during the entire period subsequent to that time expressed in a formal resolution that assistance should be employed and paid for by defendant not exceeding in the total $400 per annum. Under Code, section 422, pars. 4, 11, we think that the board of supervisors had authority to adjust with defendant any claim which the county might have for moneys irregularly drawn from the treasury, and to allow him, as against such claim, reasonable compensation for necessary assistance in his office so far as it had been procured and paid for by him, notwithstanding irregularity in the method adopted at the time for securing from the county reimbursement of the amounts thus paid. In view of the fact that the expenditures by the defendant were necessary and reasonable and were so found by the board at the proceedings to consider the matter of a settlement with the defendant, we think the lower court was not required to disregard the settlement made and render judgment against the defendant in favor of the county for sums of money irregularly but not unlawfully drawn from the treasury and appropriated to a proper use.

The judgment of the trial court is therefore *affirmed.*